UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARKS MASSEY,

    Petitioner,

v.                              CASE NO. 6:10-cv-1371-Orl-36KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges one claim for relief in his petition, that counsel rendered ineffective assistance by failing to argue that Petitioner was insane at the time of the offense. As discussed *infra*, the Court concludes that the petition is untimely and must be dismissed.

I.    *Procedural History*

Petitioner was charged by information in case number 2004-38043CFAES with burglary of a dwelling. Petitioner entered a plea of nolo contendere and was sentenced to two years of probation on October 5, 2005. (App. A at 8.) Petitioner did not appeal.

On July 13, 2006, Petitioner was charged with violating his probation based on the

commission of robbery with a weapon as charged in case numbers 2006-33523CFAES and 2006-33524CFAES. *Id*. at 9. On September 13, 2006, Petitioner pled guilty to violation of probation ("VOP") and entered a plea of nolo contendere in case number 2006-33523CFAES. The state court sentenced Petitioner to concurrent fifteen-year terms of imprisonment for the VOP and for the conviction in case number 2006-33523CFAES. *Id*. at 14-20, 22-28. The State *nol prossed* the charge in case number 2006-33524CFAES. Petitioner did not appeal.

On September 11, 2008, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief in case numbers 2004-38043CFAES and 2006-33523CFAES.[1] (App. B at 15.) The state court struck the motion as facially insufficient with leave to amend. Petitioner filed an amended motion, which the state court dismissed. *Id*. at 89. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*. Mandate was issued on October 12, 2009. *Id.* at 102.

## II. *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the instant case, Petitioner was sentenced for his VOP and in case number 2006-33523CFAES, on September 13, 2006. Petitioner did not appeal. Thus, his convictions became final on October 13, 2006, thirty days after the written sentences were rendered. *See* Fla. R. App. P. 9.140(b)(3); *see also Green v. Price*, 2011 WL 3279196, *4 (11th Cir. Aug. 1, 2011) (holding that in assessing the timeliness of the federal habeas petition, the district court should have focused on the state court's order revoking the petitioner's probation and the date of resentencing). As such, Petitioner had through October 13, 2007, absent any tolling, to file his § 2254 petition. The instant proceeding, however, was not filed until

September 14, 2010. Because the one-year period of limitation ran on October 13, 2007, the instant habeas petition was not timely filed and must be denied.[2]

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.[3]

## III. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

---

[2]The Court is aware that Petitioner filed a state post conviction motion; however, because the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of section 2244(d)(2) does not apply to the post conviction proceeding. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

[3]The Court notes that Petitioner has neither alleged nor established that any mental illness prevented him from filing the instant petition within the one-year limitation.

4

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of January, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:

OrlP-1 1/13

Marks Massey

Counsel of Record